JOSEPH BATTAGLIA AND ANGELINA BATTAGLIA, PLAIN-
TIFFS, v. VINCENT MAZZU AND JOSEPHINE MAZZU,
DEFENDANTS.

Middlesex County Court
Law Division

Decided October 10, 1966.

386

Mr. *William R. Cohen* for plaintiffs (*Messrs. Cohen, Hoagland & Cohen,* attorneys).

Mr. *Stanton L. Levy* for defendants.

BREITKOPF, J. C. D. C. (temporarily assigned). The facts in this matter are not substantially in controversy.

A tract of land located in the Township of Monroe, Middlesex County, was surveyed and divided into lots by Josiah Tice, a civil engineer, who prepared a "Map of Land of The Fertile Land Development Company situate near Lower Jamesburg, Middlesex Co., New Jersey." Both plaintiffs and defendants own tracts falling within this map and contiguous to one another. These tracts were purchased by both parties years ago, and there is no controversy as to ownership.

In July 1957 defendants procured a survey of their property and erected a fence on the common boundary line between plaintiffs' and defendants' property as set forth on that survey. This fence goes through plaintiffs' driveway and makes the same unusable. The property with which the court is concerned fronts on what was known as Matchaponix Avenue and is now called Pergola Avenue.

It is agreed that the outer perimeter lines of The Fertile Land Development Co. map do not close, and the explanation for the failure to close given by the expert witnesses testifying for both parties is essentially the same. This results in the necessity for making a change in some of the perimeter lines of the development map, and this, of course, affects the interior lot lines and sizes. Both plaintiffs' and defendants' experts agree on the manner in which the boundaries of the entire tract should be closed.

The question before the court arises because the experts do not agree on the manner in which the interior lot lines as shown on the original map will be affected after the closure has been accomplished.

The evidence further discloses that houses have been erected along Matchaponix (now Pergola) Avenue, approximately 15 feet back from this road on most, if not all, of the lots as shown on the map, and that the rear of said lots is woodland.

Plaintiffs' expert contends that the front lot line lengths as shown on the original "Map of Land of The Fertile Land Development Company" should be held; that the small difference found in the length of this line should be assigned to a triangular lot No. 1, which he defines as an irregular lot, and that the balance of the lot lines on the map after closure should be allowed to fall as they will by lining them up parallel to the agreed most easterly tract line.

Defendants' expert testified that after closure the map should be reconstructed from the rear or northerly line of the entire tract which, he contends, would most closely conform the lot area size and the lot lines on the original map and which, he argues, is the manner in which the original map was prepared.

Sometime subsequent to 1957 and before the commencement of this suit, which is grounded in ejectment, a proceeding was commenced under the New Jersey statutes to have commissioners appointed to determine a solution to the problem. It is the understanding of the court that commissioners were appointed but never concluded their deliberation, and that this proceeding has been abandoned.

It is the general rule of construction that all parts of a description should be made to stand and harmonize if possible. *Wharton v. Brick*, 49 *N. J. L.* 289 (*Sup. Ct.* 1886). Since this is not possible in the case at bar, the problem should be resolved in a manner doing a minimum of violence to persons owning property within the tract, following the original intent of the developer to the extent consonant with the physical realities of the factual situation.

 This property has been developed by residential homes along Matchaponix Avenue, and it therefore seems proper to the court that the solution to the problem be developed with this in mind. Since the homes are set back only approximately 15 feet from the northerly boundary of the avenue, it is the opinion of the court that the intention of the lot owners, and of the developer in whose place they stand, would be most closely followed by maintaining the length of the front lot lines. While the court believes it is accurate to say that this will create a greater area shortage and more relocation of the interior map lines than the method proposed by defendants' expert, since the original map is obviously in error, correction of it should be accomplished by doing the least violence possible to what the various landowners believe they own, starting with the lines most valuable to them as the first order of priority. This would appear to the court to be the front line distance.

It has been held in the case of *Baldwin v. Shannon,* 43 *N. J. L.* 596 (*Sup. Ct.* 1881), that where a tract of land is divided into regular lots and two irregular lots, the regular lots should be made whole and the irregular lots added to or subtracted from in correcting survey defects.

Following this precedent, the court agrees that the original mistake in the length of the total front line should be corrected by adjusting the front line along Matchaponix (now Pergola) Avenue, of Lot No. 1 as shown on the original "Map of Land of The Fertile Land Development Co."

An appropriate judgment in favor of plaintiffs for the relief sought in the complaint, consented to as to form by the defendants' counsel, should be submitted.